**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**REYNOLDS IGA FOODLINER, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO. 2:26-cv-00060-LGW-BWC** |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action under Title I of the Civil Rights Act of 1991 and Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). The Commission's Complaint alleged that Defendant Reynolds IGA Foodliner, Inc. ("Defendant") discriminated against Tonia Watts by refusing to accommodate her sincerely held religious beliefs, in violation of Title VII.

The Commission and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. **Nondiscrimination.** Defendant shall not engage in any employment practices which discriminate because of religion, including failing to reasonably accommodate an employee's sincerely held religious beliefs absent undue hardship.

2. **No Retaliation.**. Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under the Title VII or any other statute enforced by the EEOC, or because of the filing of a charge of

discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under any statute or regulation enforced by the EEOC.

3. **Payment.** Defendant shall pay Ms. Watts a total amount of $65,000.00 in settlement of the claims raised in this action, which consists of Six Thousand Dollars ($6,000.00) in backpay damages less applicable withholdings and Fifty-Nine Thousand Dollars ($59,000.00) in non-pecuniary compensatory damages. Payment shall be made within thirty (30) days after the Court approves this Consent Decree. Defendant shall send the settlement check(s) to Ms. Watts via overnight delivery at an address to be provided in writing to Defendant by the Commission. Defendant shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement check(s) to Ms. Watts.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ms. Watts may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the

EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

a. Within ten (10) business days of the signing of this agreement, Defendant agree to provide to the EEOC (1) Defendant's EIN(s) and (2) the individual and physical address(es) to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual(s) must be an employee of Defendant.

b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

e. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. **Nonpayment of Settlement Funds.** If Ms. Watts does not receive the payments described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-

compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. **Elimination from Personnel Records.** Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall remove from the employment records and personnel file of Watts any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2025-05418, to include any documents related to: Ms. Watts' request for a religious accommodation and any related events that occurred thereafter, including the filing of her EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. **Title VII Compliance Addendum.** Within thirty (30) calendar days of the Court's entry of this Consent Decree, Defendant shall revise its Title VII policy to include the language attached hereto as Exhibit A and disseminate the revised policy to all employees. New employees shall receive a copy of the revised policy on or before their first day of work. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission and provide a copy of the revised policy.

7. **Training.** During the term of this Consent Decree, Defendant shall provide an annual, mandatory virtual or in-person training program to all managers, supervisors, and human resources personnel regarding its obligations under Title VII. Each training program shall include, at minimum: (a) a description of Title VII, including the laws protecting employees from religious discrimination and types of conduct and/or policies that constitute religious discrimination under Title VII; (b) a description of Defendant's procedure by which employees should request religious accommodations, as well as the legal responsibilities of managers, supervisors, and human resources personnel upon receiving such a request; and (c) a description of Defendant's procedure by which employees should report complaints of religious discrimination, as well as the legal responsibilities of managers, supervisors, and human resources personnel upon receiving such complaints.

The first training program shall be completed within one hundred twenty (120) days of the entry of this Consent Decree. The second and final training program shall be conducted approximately one-year later. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business

days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. **Neutral Reference.** Defendant shall provide Ms. Watts with a neutral letter of reference using the form attached hereto as **Exhibit B**. Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Ms. Watts at an address to be provided by the Commission. Ms. Watts is free to disseminate the letter to potential employers. Defendant shall maintain a copy of the neutral letter in Ms. Watts' personnel file and shall send a copy of the letter to any individual who makes an inquiry about Ms. Watts' employment.

9. **Notice Posting.** Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit C**, at the Hazelhurst store. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. **Defendant's Contact.** All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Laurel Gamage at hr@reynoldsfoodliner.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

11. **Reporting.** During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due one hundred twenty (120) days after approval by the Court of this Consent Decree. The reports will include the following information:

a. the identities of all individuals who have requested religious accommodations, including each person's name, address, telephone number, and position title;

b. the identities of all individuals who have reported religious discrimination, including each person's name, address, telephone number, and position title;

c. for each individual identified in 11.a above, indicate whether the request was granted or denied, and if it was denied, explain Defendant's reasons for denying the request;

d. for each individual identified in 11.b above, explain what actions were taken by Defendant in response to the individual's report;

e. for each individual identified in 11.a and 11.b above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

f. for each individual whose employment status has changed as identified in 11.e above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 11.a. or 11.b. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. **Communication to the Commission.** All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

Marcus G. Keegan
Regional Attorney
U.S. Equal Employment Opportunity Commission
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

13. **Compliance Review.** The Commission may review compliance with this Consent Decree. As part of such review, with at least five (5) business days' notice to Defendant, the Commission may inspect Defendant's premises for compliance and examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

14. **Noncompliance.** If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and provide a written response to the allegations. Thereafter, the Parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. **Duration.** This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

16. **Court Retains Jurisdiction.** This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

17. **Costs and Fees.** Except as provided herein, each party shall bear its own costs and attorney's fees.

**SO ORDERED** this 25 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

**EXHIBIT A**

In compliance with Title VII of the Civil Rights Act of 1964, Reynolds IGA Foodliner, Inc., will reasonably accommodate its employees' religious beliefs or practices, so long as doing so would not cause an undue burden. Examples of some common religious accommodations include flexible scheduling, voluntary shift substitutions or swaps, job reassignments, and modifications to workplace policies or practices such as grooming or dress code requirements. Employees who may require a religious accommodation should contact Human Resources at (478) 472-8722 or hr@reynoldsfoodliner.com to discuss the matter further. The company will not deny a religious accommodation request without first engaging in the interactive process—a collaborative dialogue designed to identify reasonable accommodations that allow the employee to practice their religion without imposing a substantial burden on the employer's operations. The company also will not retaliate against any employee, in any way, for requesting a religious accommodation.

# **EXHIBIT B**

[Company Letterhead]

To Whom it May Concern:

Reynolds IGA Foodliner, Inc. operates a chain of grocery stores. Ms. Tonia Watts worked at the company's Piggly Wiggly store in Hazlehurst, Georgia as a deli clerk, and she is eligible for rehire. We wish Ms. Watts the best in her future endeavors.

Sincerely,

[Name]

**EXHIBIT C**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**EMPLOYEE NOTICE**

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("the Commission") and Reynolds IGA Foodliner, Inc., in a case alleging discrimination on the basis of religion. As part of the settlement, Reynolds IGA Foodliner, Inc. has agreed to pay monetary damages to the employee and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex (including pregnancy), national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission ("Commission").

3. Reynolds IGA Foodliner, Inc. will comply with such federal law in all respects. Furthermore, Reynolds IGA Foodliner, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the Commission.

4. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission

field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

5. This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _______, 2028.